Cotton v. Gammon.

## COTTON v. GAMMON.

A *certiorari* was properly dismissed where it issued without bond. (Note 18.)

The application for a *certiorari*, under the sixty-seventh section of the act to organize Justice's Courts, must show some error or illegality in the proceeding before the justice. Where it does not appear that the justice decided incorrectly upon the cases as presented to him, the *certiorari*, if granted, should upon motion be dismissed.

The application for a *certiorari*, under the sixty-seventh section of the act to organize Justice's Courts, should show good cause why the applicant did not appeal. (*Overruled.*)

Error from Walker. The plaintiff in error petitioned the judge of the District Court for a writ of *certiorari* to a justice of the peace, for the purpose of revising and reversing a judgment rendered against him by the justice in favor of the [84] defendant in error. The judge awarded the writ; upon condition that the petitioner should give bond, &c. No bond appears ever to have been given; but the writ was issued and the judgment and proceedings before the justice were certified by him to the District Court, and the case entered upon its docket. The defendant in the *certiorari* appeared and moved to dismiss the petition and proceedings in the case; which motion, at a subsequent term of the court, was sustained and the case dismissed; and to reverse this judgment the plaintiff in the *certiorari* prosecuted this writ of error.

*Oldham*, for plaintiff in error.

WHEELER, J. The motion to dismiss appears to have been rightly sustained, if for no other reason, because the writ had issued without any bond, as required by the order awarding it. But it was rightly sustained for the further reason that the petition does not allege and show sufficient matter to entitle the party to the remedy and relief sought. It shows no cause why he did not appear before the justice and there contest the plaintiff's demand. It is not pretended that any error or illegality was committed by the justice, or that he did not decide rightly upon the case as presented to him. The justice appears to have been wholly uninformed as to any defense which this party may have had, and the judgment of which he complains appears to have been the result of his own voluntary negligence. It cannot surely be permitted to

Mason v. Kleberg.

a party to stand by and silently permit judgment to go against him, and then, after neglecting the ordinary remedies provided by the law, to make his own *laches* a ground of relief.

The petitioner alleges that he appealed from the judgment of the justice, and that his appeal was dismissed in the District Court for the want of a sufficient bond. But he assigns no reason nor excuse whatever for not having given a sufficient [85] bond; nor does he show any offer to supply the omission. It does not appear that he either took or endeavored to take any appropriate measures for effectually prosecuting his appeal. And to authorize the awarding of a writ of *certiorari*, it is conceived, the party applying must show some good reason why he did not effectually prosecute an appeal. (Mays *v.* Lewis, *ante*, 1.) This the plaintiff in error has failed to do; and we are of opinion there is no error in the judgment dismissing his petition and the proceedings thereon, and that it be affirmed.

Judgment affirmed.

NOTE 18.—Mays *v.* Lewis, *ante*, 1.